STATE of Missouri, Respondent,

v.

Michael BOYKIN, Appellant.

No. ED 91950.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 8, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 21, 2009.

Arthur S. Margulis, Margulis, Grant and Margulis, P.C., St. Louis, MO, for Appellant.

Chris Koster, Attorney General, James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before KURT S. ODENWALD, P.J., GEORGE W. DRAPER, III, J., and ROY L. RICHTER, J.

*ORDER*

PER CURIAM.

Michael Boykin (Defendant) appeals from the trial court's judgment, following a jury trial, convicting him of four counts of forcible sodomy, in violation of Section 566.060, RSMo 2000[1], one count of attempted forcible rape, in violation of Section 566.030, two counts of first-degree burglary, in violation of Section 569.160, eight counts of armed criminal action, in violation of Section 571.015, two counts of second-degree assault, in violation of Section 565.060, one count of first-degree rob-

bery, in violation of Section 569.020, two counts of kidnapping, in violation of Section 565.110, and one count of resisting arrest, in violation of Section 575.150. Defendant was sentenced as a prior offender, according to Section 558.016, to consecutive terms of twenty-three years of imprisonment on each of the forcible sodomy counts, twelve years of imprisonment on the attempted forcible rape count, five years on each of the first-degree burglary counts, seven years on each of the armed criminal action counts, three years on each of the second-degree assault counts, sixteen years on the first-degree robbery count, nine years on each of the kidnapping counts, and two years on the count for resisting arrest, for a total of 212 years of imprisonment. We affirm.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 30.25(b).

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.